## 25252. WHALEN et al. v. ATLANTA BILLIARD CLUB, INC.

UNDERCOFLER, Justice. Plaintiff seeks to enjoin the defendant officers of the Atlanta Police Department from interfering with its operation of a billiard room. Plaintiff is a nonprofit corporation and contends that it operates a bona fide club which is not subject to the license provisions of Chapter 84-16 of the Code of Georgia of 1933. The defendants contend that the plaintiff is not a bona fide club using billiard tables for members and employees only and is required to obtain a license from the City of Atlanta.

After a hearing, the trial court found as a matter of law and fact that the plaintiff was entitled to a statutory exemption from the provisions of Chapter 84-16 and issued a temporary injunction as prayed. Defendants appeal enumerating these findings as error.

The evidence shows that police officers of the City of Atlanta entered plaintiff's establishment seeking evidence that it was operating without the license required by a city ordinance. The officers were permitted to play pool for a charge as a

special courtesy upon their representation that they wished to join the club but first wanted to try out the equipment. Thereafter the plaintiff's establishment was raided. The plaintiff shows that its property rights are involved. Guests of the club members are registered and permitted to play pool for a charge. *Held:*

1. The trial court did not err in finding as a matter of law that billiard tables or billiard rooms operated by bona fide clubs using such tables for members and employees are not included in the provisions of Chapter 84-16. *Code* § 84-1616. Whether the plaintiff is subject to other licensing provisions provided by law is not in issue here.

2. The trial court did not abuse its discretion in issuing the temporary injunction. The provisions of Chapter 84-16 apply to any "public place" where the game of billiards is permitted to be played for a charge. *Code* § 84-1601. The one instance of "special courtesy" as here and the fact that guests of members are permitted to play billiards does not of itself require a conclusion that the establishment is a "public place." The portion of *Code* § 84-1616 applicable to this case is redundant.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1969—DECIDED JULY 10, 1969.

*Henry L. Bowden, Thomas F. Choyce,* for appellants.
*G. Seals Aiken,* for appellee.