28209. ATLANTA BILLIARD CLUB, INC. v. WHALEN et al.

GUNTER, Justice. This case has had a rather lengthy and tortured history. On June 11, 1968, Atlanta Billiard Club, Inc. filed a complaint in the trial court against certain named defendants seeking injunctive relief. On April 21, 1969, the trial judge entered a temporary injunction in favor of the plaintiff and against certain named defendants "pending the trial of this case before the jury." On appeal this court affirmed the judgment granting the temporary injunction. *Whalen v. Atlanta Billiard*

*Club,* 225 Ga. 434 (169 SE2d 304). The record before us now shows that that temporary injunction has not been vacated or modified in any manner, and that the case still has not been tried before a jury.

On December 8, 1972, the complainant filed a "fourth amended complaint" which the record shows very clearly to be merely an amendment to the original complaint. On April 26, 1973, the complainant filed a "fifth amended complaint," and the record before us again shows that this filed document is merely an amendment to the original complaint.

On June 11, 1973, the trial judge entered a judgment as follows: "The motion of defendants Canington and Barrett to dismiss the fourth and fifth amended complaints is hereby granted and each of said complaints is hereby dismissed."

Since there is only one complainant, Atlanta Billiard Club, Inc., in this action, there can be only one complaint. That one complaint has been and can be amended, but it is still the complainant's complaint as amended.

We therefore think that the only rational way to interpret the trial judge's judgment of June 11, 1973, is that the judgment struck the fourth and fifth amendments to the complaint filed by Atlanta Billiard Club, Inc., leaving the action pending in the court just as it was before the filing of the fourth and fifth amendments to the original complaint.

Atlanta Billiard Club, Inc. has appealed from the judgment of June 11, 1973, but the trial judge did not grant a certificate for immediate review. The action is therefore still pending in the trial court; the present appeal is an interlocutory appeal; the appellees have made a motion to dismiss the present appeal; and their motion must be sustained. However, upon remand, if this action is to proceed in the trial court, direction is given to the trial court to require the complainant below to re-cast its complaint in one document so that some semblance of procedural order may prevail in the trial court and in this court in the event a future appeal is entered by any party to the action.

*Appeal dismissed with direction. All the Justices concur.*

ARGUED SEPTEMBER 14, 1973 — DECIDED JANUARY 7, 1974.

*E. B. Shaw,* for appellant.

*Martin H. Peabody, Alexander W. Patterson, Thomas Choyce,* for appellees.